# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSE L. PACHECO,

    Plaintiff,

vs.                                                                       No. CV 17-01250 WJ/KRS

GEO GROUP,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff Jose L. Pacheco is an incarcerated prisoner. He filed a Civil Rights Complaint on December 20, 2017. (Doc. 1). At the time he filed his Complaint, Pacheco did not pay the filing fee or submit an application to proceed *in forma pauperis*. The Court issued an Order to Cure Deficiency on December 28, 2017, ordering Pacheco to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 3).

Pacheco submitted the application to proceed under § 1915 on January 10, 2018. (Doc. 5). On that same date, Pacheco also submitted a "percentage payment" in the amount of $40. (Doc. 4). Because Pacheco had not been granted leave to proceed under § 1915 at that time, the Court voided and returned the payment. (Doc. 4).

The Court granted the application to proceed *in forma pauperis* on January 16, 2018. (Doc. 6). The Court also required Plaintiff Pacheco to make an initial partial payment of $49.79 or show cause why he should not be required to make the payment within 30 days of entry of the Order. (Doc. 6 at 1). Pacheco responded to the Order by filing a Response to Pay Deficiency. (Doc. 7). In his Response to Pay Deficiency Pacheco simply attaches the paperwork for his

application to proceed (Doc. 5) and the inmate purchase order for the $40 that was voided and returned by the Court (Doc. 4). *See* Doc. 7.

More than 30 days has elapsed since entry of the Order and Plaintiff Pacheco has not paid the $49.79 initial partial payment or shown cause why he should be relieved of the obligation to pay.

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court ***shall*** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). Plaintiff Pacheco was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused, but has failed to comply with the Court's Order.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will require Plaintiff Pacheco to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's January 16, 2018 Order. Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

IT IS ORDERED that Plaintiff Jose L. Pacheco show cause, within 30 days of entry of this Order, why this case should not be dismissed for failure to comply with the Court's January 16, 2018 Order.

                                                                              */s/ Kevin Sweazea*
UNITED STATES MAGISTRATE JUDGE