IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE LEROY PACHECO,

    Plaintiff,

vs.                                                                    No. CV 17-01250 KWR/KRS

GEO IN GUADALUPE COUNTY
IN SANTA ROSA N.M., and
SUN RISE MED,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") filed by Plaintiff Jose Leroy Pacheco. (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

## DISMISSAL FOR FAILURE TO STATE A CLAIM

Plaintiff Pacheco is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363,

365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given

a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## **ANALYSIS OF PLAINTIFF'S CLAIMS**

Pacheco alleges claims under 42 U.S.C. § 1983 for violation of constitutional rights under the 8th Amendment. (Doc. 1 at 3). He claims alleged indifference to medical treatment and physical therapy needs. (Doc. 1 at 3-4). He names, as Defendants, Geo in Guadalupe County in Santa Rosa N.M. ("Geo"), and Sun Rise Med. ("Sun Rise"). (Doc. 1 at 1-2). Plaintiff Pacheco's Complaint does not identify any individual associated with either Geo or Sun Rise

In order to state a § 1983 claim for relief, a plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). To succeed under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of

3

the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of unnamed employees. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Further, the language of § 1983, "cannot easily be read to impose liability vicariously on government bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 692 (1978). As private corporations, Defendants Geo and Sun Rise cannot be vicariously liable under 42 U.S.C. § 1983. *See DeVargas v. Mason & Hanger-Silas Mason Co.,* 844 F.2d 714, 723 (10th Cir. 1988) (recognizing a congressional intent to avoid vicarious liability under Section 1983). A corporation is not liable for the constitutional tort of its employees unless the constitutional tort was caused by a policy or custom of the corporation. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir. 1999) ("a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights" (citations omitted; emphasis in original)); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir. 1993) (holding that a corporation can only incur liability under Section 1983 based on its own unconstitutional policies).

The Complaint makes generalized and conclusory statements that Geo and Sun Rise are deliberately indifferent to Pacheco's medical needs. (Doc. 1 at 2-4). However, the Complaint does not specify any individual or allege how that individual acted to deprive Gonzales of an 8th Amendment constitutional right. *Iqbal,* 556 U.S. at 676. Further, although the Complaint names two corporations, Geo and Sun Rise, the Complaint does not contain any allegations of individual conduct by any employee to support vicarious liability. *DeVargas v. Mason &*

4

*Hanger-Silas Mason Co.,* 844 F.2d at 723. Nor does Plaintiff identify any custom or policy of Geo or Sun Rise that caused a deprivation of constitutional rights. *Austin v. Paramount Parks, Inc.,* 195 F.3d at 728. Therefore, the Complaint fails to state a sufficient § 1983claim for relief.

Further, determining the sufficiency of an Eighth Amendment claim for deliberate indifference to medical needs involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). Pacheco claims that he is diabetic and an infection resulted in amputation of a toe. (Doc. 1 at 2-3). For purposes of this Memorandum Opinion and Order, the Court accepts, as true, that Pacheco has a serious medical need. *Ramos,* 639 F.2d at 575.

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753). An

official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard v. Waide*, 534 F.3d 1227, 1239–40 (10th Cir. 2008).

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention as opposed to a particular course of treatment. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Green v. Branson,* 108 F.3d 1296, 1304 (10th Cir. 1997). Medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996). Prison health care providers remain free to exercise professional judgment and an inmate is not entitled to any particular course of treatment. *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir.

1997). S*ee also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (holding that HIV-positive prisoner who believed he should receive a protease inhibitor in addition to certain drugs failed to state an Eighth Amendment claim).

The allegations of the Complaint do not state a plausible claim that Defendants are deliberately indifferent to Pacheco's medical needs. *Twombly,* 550 U.S. at 570. Plaintiff makes allegations that the entity Defendants did not provide him medical care he thought he should receive, but the allegations do not show that any individual official knew Plaintiff Pacheco faced a substantial risk of harm, but disregarded that risk by failing to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d at 1224. The allegations of the Complaint claim an alleged failure to provide treatment or therapy, but do not show a deliberate refusal to provide medical treatment. *See, e. g.*, *Smart v. Villar*, 547 F.2d at 114; *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d at 1222. The allegations of the Complaint fail to state an Eighth Amendment claim for relief and will be dismissed under Fed. R. Civ. P. 12(b)(6). *Self v. Crum,* 439 F.3d at 1231; *Callahan* 471 F.3d at 1160.

## **PLAINTIFF IS GRANTED LEAVE TO FILE AN AMENDED COMPLAINT**

The Complaint is factually insufficient and fails to state any claim for § 1983 relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Pacheco the opportunity to file an amended complaint specifying individuals, the individualized actions, and how Pacheco claims those actions resulted in violation of constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Pacheco should include names of individual defendants and their official positions, a description of their individual actions, and

relevant dates, if available. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. If Plaintiff seeks to pursue a claim for deliberate indifference to medical needs in violation of the 8th Amendment, he must specify facts showing that individual defendants knew he faced a substantial risk of harm, and disregarded that risk by failing to take reasonable measures to abate it. *Hunt v. Uphoff,* 199 at 1224. The Court will grant Pacheco leave to amend the Complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) the Civil Rights Complaint filed by Plaintiff Jose Leroy Pacheco (Doc. 1) is **DISMISSED** for failure to state a claim for relief; and

(2) Plaintiff Jose Leroy Pacheco is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE