IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE LEROY PACHECO,

    Plaintiff,

vs.                                        No. CV 17-01250 KWR/KRS

GEO IN GUADALUPE COUNTY
IN SANTA ROSA N.M., and
SUN RISE MED,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") filed by Plaintiff Jose Leroy Pacheco. (Doc. 1). The Court will dismiss the Complaint, with prejudice, for failure to state a claim on which relief can be granted.

Plaintiff, Jose Leroy Pacheco, filed his pro se Complaint alleging 8th Amendment civil rights claims under 42 U.S.C. § 1983. (Doc. 1). On January 6, 2020, the Court entered a Memorandum Opinion and Order dismissing Plaintiff Pacheco's claims under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. 12(b)(6) (Doc. 13). The Court also granted Plaintiff Pacheco leave to file an amended complaint within 30 days after entry of the Memorandum Opinion and Order. (Doc. 13 at 7-8). The Court's Memorandum Opinion and Order notified Plaintiff Pacheco that, if he did not file a timely amendment to the Complaint, the Court would enter a final dismissal of the case. (Doc. 13 at 8). Plaintiff Pacheco did not file an amended complaint, did not respond to the Court's Memorandum Opinion and Order, and has not otherwise communicated with the Court.

In its prior Memorandum Opinion and Order, the Court concluded that the Complaint makes only generalized and conclusory statements that Defendants are deliberately indifferent to Pacheco's medical needs. (Doc. 13 at 4). However, the Complaint does not specify any individual or allege how that individual acted to deprive Gonzales of an 8th Amendment constitutional right. *Iqbal,* 556 U.S. at 676. Further, although the Complaint names two corporations, Geo and Sun Rise, the Complaint does not contain any allegations of individual conduct by any employee to support vicarious liability. *DeVargas v. Mason & Hanger-Silas Mason Co.,* 844 F.2d at 723. Nor does Plaintiff identify any custom or policy of Geo or Sun Rise that caused a deprivation of constitutional rights. *Austin v. Paramount Parks, Inc.,* 195 F.3d at 728. Therefore, the Complaint fails to state a sufficient § 1983claim for relief. (Doc. 13 at 4-5).

Further, the allegations of the Complaint do not state a factually plausible claim that Defendants are deliberately indifferent to Pacheco's medical needs. *Twombly,* 550 U.S. at 570. Plaintiff makes allegations that the entity Defendants did not provide him medical care he thought he should receive, but the allegations do not show that any individual official knew Plaintiff Pacheco faced a substantial risk of harm, but disregarded that risk by failing to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d at 1224. The allegations of the Complaint claim an alleged failure to provide treatment or therapy, but do not show a deliberate refusal to provide medical treatment. *See, e. g.*, *Smart v. Villar*, 547 F.2d at 114; *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d at 1222. The allegations of the Complaint fail to state an Eighth Amendment claim for relief. *Self v. Crum,* 439 F.3d at 1231; *Callahan* 471 F.3d at 1160. (Doc. 13 at 7). The Court dismissed the Complaint for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6). (Doc. 13 at 8).

When the Court dismisses a pro se complaint, the Court is to allow plaintiff an opportunity to amend the complaint to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991). Plaintiff Pacheco was given the opportunity to amend his Complaint and has failed to do so within the time allowed by the Court. Therefore, the Court will now dismiss this case, with prejudice, for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6). *Hall v. Bellmon,* 935 F.2d at 1109-10.

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Jose Leroy Pacheco (Doc. 1) is **DISMISSED with prejudice** and judgment will be entered.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE